IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| JOSHUA KNIGHT, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | MO:24-CV-00052-DC-RCG |
| | § | |
| JAMES SNOW and ROADSIDE RESCUE, | § | |
| LLC, | § | |
| *Defendants*. | § | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Plaintiff Joshua Knight's ("Plaintiff") Motion for Default Judgment against Defendants James Snow and Roadside Rescue, LLC ("Defendants"). (Doc. 43). This matter is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** Plaintiff's Motion for Default Judgment be **DENIED**. (Doc. 43).

### I.    DISCUSSION

On February 16, 2024, Plaintiff filed his Original Complaint against Defendants James Snow and Roadside Rescue, LLC ("Defendants"). (Doc. 1). (Docs. 11, 13). Although service has been ordered multiple times (Docs. 12, 17, 39), Defendants have not been properly served. Nevertheless, Plaintiff moved for default judgment on January 5, 2026. (Doc. 43).

Federal Rule of Civil Procedure 55(b)(2) governs the entry of a default judgment by a court. In the Fifth Circuit, three steps are required when obtaining a default judgment: (1) default by the defendant, FED. R. CIV. P. 55(a); (2) entry of default by the Clerk's Office, FED. R. CIV. P. 55(a); and (3) entry of a default judgment by the Court, FED. R. CIV. P. 55(b); *New York Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Additionally, a court cannot enter a default

judgment unless the defaulting party was properly served with process. *See Rogers v. Hartford Life & Acc. Ins.*, 167 F.3d 933, 940 (5th Cir. 1999). Indeed, "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

The Court finds Plaintiff has not met the statutory requirements for a default judgment. First, Plaintiff filed a Motion for Default Judgment without first seeking an entry of default from the Clerk of Court. (Doc. 43). Additionally, because Defendants have not properly been served, Plaintiff's Motions for Default Judgment must be denied. *See Johnson v. Yoakum Cmty. Hosp.*, No. 21-CV-00018, 2021 WL 4520263, at *4 (S.D. Tex. Oct. 1, 2021). Accordingly, Plaintiff is not procedurally entitled to default judgment.

## II.     RECOMMENDATION

In accordance with the discussion above, the Court **RECOMMENDS** Plaintiff's Motion for Default Judgment be **DENIED**. (Doc. 43).

SIGNED this 13th day of January, 2026.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

2

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

In the event that a party *has not been served* by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).