**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| JOSHUA KNIGHT,<br>　　　　　　*Plaintiff*, | §<br>§<br>§ | |
| | § | |
| **v.** | §<br>§ | **MO:24-CV-00052-DC-RCG** |
| | § | |
| JAMES SNOW and ROADSIDE RESCUE,<br>LLC,<br>　　　　　　*Defendants*. | §<br>§<br>§<br>§ | |

## <u>REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE</u>

BEFORE THE COURT is Defendants James Snow and Roadside Rescue, LLC's: (1) Motion to Dismiss and (2) Motion for More Definite Statement. (Docs. 54, 55).[1] This case is before the undersigned through an Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of the record and applicable case law, the Court **RECOMMENDS** Defendant's Motion to Dismiss be **DENIED WITHOUT PREJUDICE** (Doc. 54) and Defendant's Motion for a More Definite Statement be **GRANTED**. (Doc. 55).

### I.　　BACKGROUND

Plaintiff Joshua Knight ("Plaintiff") filed his Original Complaint against Defendants James Snow and Roadside Rescue, LLC ("Defendants") in state court on February 16, 2024. (Doc. 1-4.) Defendants removed the action to this Court on May 8, 2024. (Doc. 1.) With leave of Court, Plaintiff filed an Amended Complaint on March 27, 2024. (Docs. 7, 8.) In his Amended Complaint, Plaintiff asserts five causes of action: (1) violation of the Fair Labor Standards Act; (2) violation of the Federal Wiretap Act; (3) forced labor and trafficking under 18 U.S.C. §§ 1589, 1595; (4) civil RICO; and (5) alter ego / piercing the corporate veil. (Doc. 8.) After

---

1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

appearing following service on February 4, 2026, Defendants filed Motions to Dismiss for Failure to State a Claim and for a More Definite Statement. (Docs. 54, 55).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see Torch Liquidating Tr. ex rel. Bridge Assocs. LLC v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

In a court's review of a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

When a party moves under Federal Rule of Civil Procedure 12(e) for a more definite statement, the court is afforded discretion to determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959). A more definite statement of a pleading is required when the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

### III. DISCUSSION

Plaintiff's Amended Complaint is vague, conclusory, and ambiguous regarding the factual basis of his damages claims and the specific amounts he seeks under each cause of action. As Defendant points out, the pleading makes general references to large categories of damages such as "unpaid wages," "liquidated damages," statutory damages, and compensatory damages, but provides no itemization, factual calculation, or time frame for those amounts. (Doc. 55 at 1). Defendants cannot reasonably frame a responsive pleading, nor evaluate settlement potential or

discovery scope, without a definite statement of the damages claimed. Thus, the Court is inclined to dismiss the cause of action.

However, because Defendant has so generously filed a Rule 12(e) Motion for a More Definite Statement, the Court will give Plaintiff one more bite at the apple. The Court takes this opportunity to remind Plaintiff this is federal court. Here, a notice pleading standard does not suffice. Plaintiff must plead "enough facts to a state a claim to relief that is plausible on its face," and his "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Because the Court is not convinced Plaintiff "can prove no set of facts in support of his claim which would entitle him to relief," his lawsuit will survive another day. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Accordingly, Plaintiff should be afforded the opportunity to file an amended complaint which complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

Further, Defendants request that Plaintiff be ordered to file a more definite statement within 14 days specifying:

1. The exact amount of damages sought for each cause of action, including:

    (a) Unpaid wages (and time periods covered);
    (b) Statutory damages (identify statutory provisions and calculation method);
    (c) Punitive, if any,(identify basis and amount sought); and
    (d) Any itemized compensatory damages (lost earnings, emotional distress, or otherwise).

2. A brief statement explaining how each alleged damage amount was calculated and what evidence or factual basis supports it.

(Doc. 55 at 2). While declining to instruct Plaintiff on the specifics of his pleadings, the Court recommends Plaintiff replead his causes of action with more specificity to allow Defendant to respond.

## IV.   CONCLUSION

For these reasons, the Court **RECOMMENDS** Defendant's Motion to Dismiss be **DENIED WITHOUT PREJUDICE**. (Doc. 54). Further, the Court **GRANTS** Defendant's Motion for a More Definite Statement (Doc. 54), and Plaintiff is **ORDERED** to **RESTATE HIS CASE WITH MORE SPECIFICITY**. Plaintiff's amended complaint shall provide adequate facts to allow Defendant to frame a responsive pleading to her breach of contract clam, including what actions Defendant took and when they were taken. Additionally, if this Report and Recommendation is adopted, the Court **RECOMMENDS** Plaintiff be **ORDERED** to file his Second Amended Complaint no later than **thirty (30) days from the date it is adopted**.

SIGNED this 5th day of March, 2026.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).